IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CRIMINAL ACTION NO. |
| DESHALON FLOURNOY, | : 1:15-CR-005-SCJ-JSA |
| | : |
| Defendant. | : |
| | : |

### ORDER

This matter appears before the Court for consideration of a August 3, 2015 Report and Recommendation ("R&R") (Doc. No. [37]), in which The Honorable Justin S. Anand, United States Magistrate Judge, recommended that the Defendant's Motions to Suppress (Doc. Nos. [14], [15]) and his Motion to Dismiss the Indictment (Doc. No. [30]) be denied. Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b)(2), Defendant timely filed his objections. Doc. No. [41]. The Court has read the transcript of the suppression hearing in this case, as it is required to do, and this matter is now ripe for consideration. See United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (*per curiam*).[1]

In reviewing the R&R, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

AO 72A
(Rev.8/82)

which objection is made." 28 U.S.C. § 636(b)(1). However, "a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009). In his objections to the R&R, Defendant states that he "incorporates by reference all of his factual allegations and legal conclusions in his briefs," and objects because he "believes his Constitutional rights were violated." Doc. No. [41], p. 1. The Court will address the objections Defendant raises with sufficient specificity.

Defendant objects to the "conclusion that he does not have standing to challenge the search of the vehicle," although he offers no argument about why he believes this conclusion was incorrect. Doc. No. [41], p. 1. According to Defendant's own assertions, he was, at best, a borrower of the searched vehicle. See Doc. No. [37], p. 7. While the borrower of a car can have a legitimate expectation of privacy and have standing to challenge a search, he must demonstrate that he had the owner's permission to possess the car. United States v. Gibson, 708 F.3d 1256, 1277 (11th Cir. 2013). Defendant must show with at least circumstantial evidence that he had permission of the owner to borrow the car, because the burden rests with the Defendant to show that he had a legitimate expectation of privacy. See United States

AO 72A
(Rev.8/82)

v. Sanchez, 943 F.2d 110, 114 (1st Cir. 1991); see also United States v. Ramos, 12 F.3d 1019, 1023 (11th Cir. 1994).

As the Magistrate Judge correctly observed, the only argument Defendant offers that he had permission to use the car was his self-serving post-arrest statement referring to the car as his "girlfriend's." Doc. No. [37], p. 7. Although he never clarifies who this is, he presumably met the prostitute who was with him when he was arrested. See id. p. 9. However, the vehicle was actually registered to an individual in North Carolina referred to as "ES." Id. p. 7. There was absolutely no evidence that he had actual permission from "ES" to use the vehicle, and therefore lack standing to challenge the search. . See Sanchez, 943 F.2d at 114. Moreover, Defendant's objection with respect to the Motions to Suppress fails because he does not address the conclusion that "the issue of standing is immaterial because suppression is not warranted on the merits." Doc. No. [37], p. 8.

The other specific objection Defendant offers is his assertion that the Magistrate Judge incorrectly concluded "that a hearing on the Double Jeopardy claim is unwarranted." Doc. No. [41], pp. 1–2. This objection fails for a litany of reasons. First, although he broadly objects to the Magistrate Judge's conclusion, he does not "clearly advise the district court and pinpoint the specific findings" with which he disagrees. See Schultz, 565 F.3d at 1360. Second, he fails to object to the Magistrate

3

Judge's conclusion that his Motion to Dismiss the Indictment was untimely. Doc. No. [37], p. 18 n.3. Third, his argument fails because the Magistrate Judge correctly concluded that a hearing was unwarranted since his claim fails on the merits.

Defendant was convicted of possession of a firearm by a convicted felon under Georgia law based on the events leading to the present prosecution. Id. pp. 17–18. However, the Double Jeopardy clause does not prevent prosecution of identical offenses "when they are charged by separate sovereigns." United States v. Baptista-Rodriguez, 17 F.3d 1354, 1360 (11th Cir. 1994). Defendant's argument before the Magistrate Judge was based entirely around his contention that the Court should apply a "sham prosecution" exception to this doctrine. Doc. No. [37], p. 19. The Eleventh Circuit has never recognized such an exception. See United States v. Ducuara De Saiz, 511 F. App'x 892, 896 n.2 (11th Cir. 2013). As the Magistrate Judge correctly concluded, even if a "sham prosecution" exception existed, Defendant alleges nothing that even "remotely suggests that the state's prosecution of Defendant was a mere 'sham.'" Doc. No. [37], p. 20. Thus, the Magistrate Judge properly denied an evidentiary hearing on the matter.

## CONCLUSION

The R&R (Doc. No. [37]) is hereby **ADOPTED** as the order of the Court, and Defendant's objections to the R&R (Doc. No. [41]) are **OVERRULED**. The

Defendant's Motions to Suppress (Doc. Nos. [14], [15]) and his Motion to Dismiss the Indictment (Doc. No. [30]) are **DENIED**.

**IT IS SO ORDERED**, this 12th day of September, 2016.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)